ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **ORIENTAL BANK**<br><br>Recurrido<br><br><br>v.<br><br>**NATASHA DEL CARMEN ORLANDI CABÁN, ANNUSHCA DEL CARMEN ORLANDI CABÁN, e IVÁN RAÚL ORLANDI CABÁN, por sí y como miembros de la Sucesiones de IVÁN RAPUL ORLANDI MÉNDEZ y CARMEN SOCORRO CABÁN LÓPEZ; FULANO DE TAL y MENGANA MAS CUAL, como posibles herederos desconocidos con interés e la Sucesión CARMEN SOCORRO CABÁN LÓPEZ; CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES (CRIM)**<br><br>Peticionarios | TA2025CE00714 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br><br>Civil Núm.: **AB2024CV00214**<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de noviembre de 2025.

Comparece ante nos la señora Natasha Del Carmen Orlandi

Cabán y la señora Annushca Del Carmen Orlandi Cabán (parte

peticionaria) mediante un recurso de *certiorari* en el que solicitan que revisemos una *Orden*[1] emitida el 27 de octubre de 2025 y una *Orden*[2] emitida el 30 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Por medio de dichas determinaciones, el foro primario declaró No Ha Lugar la moción en solicitud de orden[3] y la moción de reconsideración, respectivamente, ambas presentadas por la parte peticionaria.[4]

La parte peticionaria también radicó ante nos una *Moción en Solicitud de Auxilio de Jurisdicción.*

Por los fundamentos que pormenorizamos a continuación, denegamos la expedición del recurso de *certiorari* y declaramos No Ha Lugar la solicitud en auxilio de jurisdicción.

**I.**

El caso de marras tiene su génesis el 16 de diciembre de 2024, cuando Oriental Bank (parte recurrida) presentó una *Demanda* contra la parte peticionaria y el señor Iván Raúl Orlandi Cabán, por sí y como miembros de las Sucesiones Iván Raúl Orlandi Méndez y Carmen Socorro Cabán López, al igual que contra el Centro de Recaudación de Ingresos Municipales (CRIM) en concepto de cobro de dinero y ejecución de hipoteca.[5]

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 43. Notificada y archivada en autos el 27 de octubre de 2025.
[2] *Íd.*, Entrada Núm. 47. Notificada y archivada en autos el 30 de octubre de 2025.
[3] *Íd.*, Entrada Núm. 42.
[4] *Íd.*, Entrada Núm. 46.
[5] *Íd.*, Entrada Núm. 1.

El 7 de febrero de 2025, la parte recurrida presentó una *Moción Solicitando Permiso para Asegurar Propiedad.*[6] Adujo que, en cumplimiento con su obligación de supervisar e inspeccionar la propiedad cita en Quintas De Jagueyes, Carretera 173 Km. 3.2 Solar 12, Barrio Sonadora, Aguas Buenas, PR, 00703, se personó a dicha propiedad, la que se describe a continuación:

> "R[Ú]STICA: Parcela de terreno radicada en el BARRIO SONADORA del Municipio de Aguas Buenas, identificada con el #12 en el plano de inscripción aprobado con cabida de 4,040.52 metros cuadrados, equivalentes a 1.03 cuerdas; en lindes por el Norte, con parcela dedicada a uso público que le sirve de acceso; por el Sur, con terrenos propiedad de Carlos O. Díaz Rivera; por el Este, con la parcela #13; y por el Oeste, con la parcela #11."

> Consta inscrita al folio 44vto. del tomo 191 de Aguas Buenas, finca 9,169, Registro de la Propiedad de Caguas, Segunda Sección.[7]

Sostuvo que la encontró desocupada y de falta de mantenimiento, para lo que anejó un *Reporte de Inspección.*[8]

Así, el foro primario emitió una *Orden de Protección* el 10 de febrero de 2025.[9]

El 12 de mayo de 2025, el foro primario emitió una *Sentencia* en la que sostuvo que advenida final y firme la *Sentencia en Rebeldía* sin que los codemandados hubiesen satisfecho la totalidad de la

---

[6] *Íd.*, Entrada Núm. 8.
[7] *Íd.*
[8] *Íd.*, Anejo 1.
[9] *Íd.*, Entrada Núm. 12. Notificada y archivada en autos el 12 de febrero de 2025; *Íd.*, Entrada Núm. 13. Notificada y archivada en autos el 12 de febrero de 2025

misma; siendo esta, $155,827.44 de principal, ordenó al Alguacil de dicho foro a vender en pública subasta y al mejor postor el inmueble gravado por la hipoteca objeto del presente caso.[10]

Luego de múltiples trámites procesales, el foro primario emitió una *Orden de Lanzamiento* 19 de septiembre de 2025.[11] Específicamente, expuso lo siguiente:

> [H]abiéndose efectuado y adjudicado la propiedad la parte demandante en la subasta celebrada el **18 de septiembre de 2025**, puede el Alguacil proceder a poner al adquiriente o comprador en posesión material del inmueble ejecutado dentro del plazo de veinte (20) días, contados a partir de la venta o adjudicación de la propiedad, conforme a la Regla 51.3 de las de Procedimiento Civil y el Artículo 112 de la Ley 210 de 8 de diciembre de 2015, conocida como "Ley del Registro Inmobiliario del Estado Libre Asociado de Puerto Rico", según enmendado.
>
> En la alternativa, puede el Alguacil, trascurrido el término de veinte (20) días antes mencionado, proceder con el lanzamiento de los ocupantes de la propiedad, sin necesidad de ulterior procedimiento.
>
> Se ordena a la señora Secretaria expedir el correspondiente Mandamiento dirigido al Alguacil de este Tribunal para que proceda con el lanzamiento de la parte demandada y/o cualesquiera personas que estén en posesión y/o disfrute del inmueble adquirido por el aquí demandante en la subasta celebrada el día **18 de septiembre de 2025**.
>
> . . . .[12]

---

[10] *Íd.*, Entrada Núm. 18. Notificada y archivada en autos el 15 de mayo de 2025.
[11] *Íd.*, Entrada Núm. 32. Notificada y archivada en autos el 22 de septiembre de 2025; *Íd.*, Entrada Núm. 34.
[12] *Íd.*

El 3 de octubre de 2025, la parte peticionaria radicó una *Moción Urgente sobre Representación Legal Solicitando Auxilio al Tribunal.*[13] Suplicó del foro primario que dejara sin efecto la subasta y adjudicación del 18 de septiembre de 2025 y los consecuentes documentos y órdenes luego emitidas, concediendo el proceso de mediación y la oportunidad a la parte peticionaria de tener la posibilidad de retener la propiedad.

El foro primario emitió una *Orden* el 6 de octubre de 2025 en la que declaró Ha Lugar la moción solicitando asumir representación legal de la parte peticionaria; ordenó a la parte recurrida a comunicarse con la parte peticionaria; y expuso que "[s]e mantiene el estado procesal del caso".[14]

El 14 de octubre de 2025, la Alguacil Auxiliar del foro primario emitió un *Aviso de Lanzamiento* indicando que el 4 de noviembre de 2025 procederá a la ejecución de la orden y mandamiento de lanzamiento emitida por el foro primario contra la parte peticionaria.

El 24 de octubre de 2025, la parte peticionaria presentó una *Moción Informativa y Solicitando Auxilio al Tribunal* donde reiteró su petición.[15]

---

[13] *Íd.*, Entrada Núm. 39.
[14] *Íd.*, Entrada Núm. 40. Notificada y archivada en autos el 6 de octubre de 2025.
[15] *Íd.*, Entrada Núm. 42.

Sin embargo, el foro primario emitió una *Orden* el 27 de octubre de 2025 en la que declaró No Ha Lugar la moción informativa y en auxilio al tribunal.[16]

De igual modo, por medio de una *Orden* emitida el 30 de octubre de 2025,[17] el TPI denegó la moción de reconsideración presentada por la parte peticionaria ese mismo día.[18]

Insatisfecha, la parte peticionaria presentó ante nos un recurso de *certiorari* el 3 de noviembre de 2025 y planteó los siguientes señalamientos de error:

> **Determinar "NO HA LUGAR LA MOCI[Ó]N DE SOLICITUD DE ORDEN", deja desprovistas de la justicia y proceso honesto a las demandadas-apelantes. Se continuaría alimentando la mecanización de los procesos de ejecución, que continúan ante el Tribunal, dejando a los dueños desprovistos de un remedio adecuado. Se violentaría el derecho que tienen los herederos de tomar el lugar de los titulares y participar del proceso de mediación que los ampara.**

> **Declarar "No Ha Lugar a la Moción de Reconsideración" y no considerar los hechos del caso expuestos en la misma atropellando los esfuerzos y el dinero invertido por las herederas para mantener la propiedad desde el 2021. Existe controversia o error con relación a las determinaciones realizadas. Además, como cuestión de derecho procede. Por consiguiente, el Tribunal de Primera Instancia, Sala de Caguas, actuó incorrectamente al emitir las Ordenes aquí recurridas.**

---

[16] *Íd.*, Entrada Núm. 43. Notificada y archivada en autos el 27 de octubre de 2025.
[17] *Íd.*, Entrada Núm. 45. Notificada y archivada en autos el 30 de octubre de 2025.
[18] *Íd.*, Entrada Núm. 44.

Conforme a la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), eximimos a la parte recurrida de presentar su alegato en oposición.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra*, delimita los asuntos aptos para revisión interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari. Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019); *IG Builders v. BBVAPR*, 185 DPR 307, 336 (2012). La citada regla establece que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la

denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

. . . .

Regla 52.1 de Procedimiento Civil, *supra* (Énfasis suplido); véase además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra*, pág. 487.

La característica distintiva del recurso de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR, supra*, pág. 338. A pesar de lo anterior, la discreción no debe hacerse en abstracción del resto del derecho, sino que debe ejercerse de forma razonable con el propósito de llegar a una opinión justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Precisamente, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, instituye los criterios que se deben tomar en consideración para poder ejercer

sabiamente la facultad discrecional de expedir un auto de *certiorari*.

Estos factores son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

> Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 96-97.

**III.**

Luego de un análisis objetivo y cuidadoso del expediente y del recurso de *certiorari,* nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo.* El expediente del caso de epígrafe no evidencia falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos. Ante la ausencia de razón alguna que mueva nuestro criterio discrecional de expedir el auto de *certiorari,* conforme a la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* denegamos expedir el recurso de *certiorari.*

**IV.**

Por las razones discutidas anteriormente, denegamos la expedición del recurso de *certiorari* y declaramos No Ha Lugar la solicitud en auxilio de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones